IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JAY B. FREEDMAN, BAR NO. 12214.

No. 80276

**FILED**

APR 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION FOR RECIPROCAL DISCIPLINE AND SUSPENDING ATTORNEY

This is a petition under SCR 114 to reciprocally discipline attorney Jay B. Freedman, based on discipline imposed on him in California. Freedman was disbarred from the practice of law in California on December 16, 2015, and he did not self-report the discipline to the Nevada State Bar. He has not opposed this petition.

The California State Bar's Notice of Disciplinary Charges (NDC) alleged six counts of misconduct based on Freedman's representation of one client in a civil action for fraud. Freedman failed to respond to the NDC, resulting in a default. Based on his default, the factual allegations supporting the charges were deemed admitted. The admitted facts establish that Freedman violated California RPC 3.110(A) (competence) by willfully failing to perform the services for which he was retained, including failing to (1) appear at a show cause hearing on the dismissal of the client's complaint, (2) respond to discovery requests and oppose motions to compel discovery, and (3) seek a waiver of costs before filing a request for voluntary dismissal. Freedman violated California Business and Professions Code

20-15454

(BPC) § 6106 (moral turpitude: misrepresentation) by knowingly or with gross negligence making a false statement to the client when he stated that the defendant in the litigation admitted facts pertinent to the client's claims. Freedman willfully violated BPC § 6068(m) (communication) by not keeping the client informed about developments in the case. He willfully violated California RPC 3-700(D)(1) (release of file) by failing to promptly return the client's file after his representation was terminated. Freedman willfully violated BPC § 6068(i) (cooperation with disciplinary investigation) by failing to respond to the California State Bar's inquiries. Finally, he willfully violated California RPC 1-110 (compliance with conditions set in reproval) by failing to comply with probation conditions imposed by the State Bar Court in a previous order.[1]

Freedman did not move to have the default set aside. Therefore, he was disbarred pursuant to California State Bar Rule of Procedure 5.85, which requires an attorney's disbarment when the attorney's default is entered for failing to respond to disciplinary charges and the attorney fails to have the default set aside.

Having considered the petition for reciprocal discipline, we conclude that discipline is warranted but that "the misconduct established warrants substantially different discipline in this state," SCR 114(4)(c), and

---

[1]The violations in the California NDC are equivalent to RPC 1.1 (competence), RPC 1.4 (communication); RPC 1.16 (declining or terminating representation), RPC 8.1 (disciplinary matters); RPC 8.4(c) (misconduct: misrepresentation); and RPC 3.4 (fairness to opposing party and counsel: knowingly disobeying obligation under rules of a tribunal) and/or RPC 8.4(d) (misconduct: prejudicial to the administration of justice).

thus deny the petition. In particular, we conclude that disbarment is not warranted because disbarment in Nevada is irrevocable and thus not equivalent to the disbarment imposed in California, which allows a disbarred attorney to seek reinstatement. *Compare* SCR 102(1), *with* Cal. State Bar R. Proc. 5.442(B). Moreover, Nevada does not require disbarment when an attorney fails to have a default order set aside in a discipline case. Thus, based on the duties violated, Freedman's knowing mental state,[2] the potential or actual injury caused by his misconduct, and the absence of aggravating or mitigating factors, *see In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (listing factors to consider in determining appropriate discipline), we conclude that a five-year-and-one-day suspension is more appropriate than disbarment, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2018) ("Suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client."); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in

---

[2]We disagree with the State Bar that the California State Bar court's "willful" finding is equivalent to an "intentional" mental state in Nevada, and instead conclude that Freedman's willful conduct is akin to a knowing mental state. *See* ABA Standards for Imposing Lawyer Sanctions at 452 (defining acting with knowledge as a "conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result," and the more culpable mental state of intent as acting with "conscious objective or purpose to accomplish a particular result").

SUPREME COURT
OF
NEVADA

(O) 1947A

conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.").

Accordingly, we deny the petition for reciprocal discipline and instead suspend Freedman from the practice of law in Nevada for five years and one day, commencing from the date of this order. Freedman and the State Bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____Pickering_____, C.J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

_____Cadish_____, J.
Cadish

_____Silver_____, J.
Silver

cc:     Jay Freedman
        Chair, Southern Nevada Disciplinary Board
        Bar Counsel, State of Nevada
        Executive Director, State Bar of Nevada
        Admissions Office, U.S. Supreme Court